UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEORGE GARBUTT,

    Plaintiff,

v.                                                                             Case No: 8:20-cv-136-T-36JSS

OCWEN LOAN SERVICING, LLC,

    Defendant.
_____/

## **ORDER**

This matter comes before the Court upon Defendant Ocwen Loan Servicing, LLC's Motion to Stay (Doc. 20), which is unopposed. In the motion, Defendant requests that the Court stay discovery pending ruling on its Motion to Dismiss. Doc. 20. Defendant also states that because of the global COVID-19 pandemic, Defendant and its counsel is required to work from home, limiting their ability to access information for discovery. *Id.* The Court, having considered the motion and being fully advised in the premises, will grant the Motion to Stay in part. Due to the circumstances caused by COVID-19, the Court will stay discovery in this action until June 1, 2020. The Motion to Stay is denied to the extent that it requests a stay pending ruling on Defendant's Motion to Dismiss.

## **DISCUSSION**

Courts have broad discretion in managing their own dockets. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The Court may stay discovery pursuant to Federal Rule of Civil Procedure 26(c) where the moving party shows good cause and reasonableness. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C.1988)). However, a pending motion to dismiss, alone, is not a basis to delay

discovery. *See* M.D. Discovery (2015) §1(E)(4) ("Normally, the pendency of a motion to dismiss . . . will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion."); *Koock v. Sugar & Felsenthal, LLP*, No. 8:09-CV-609-T-17EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009) ("The holding in [*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)] does not establish the general rule that discovery should not proceed while a motion to dismiss is pending.");[1] *In re Winn Dixie Stores, Inc. Erisa Litig.*, No. 3:04-CV-194-J-33MCR, 2007 WL 1877887, at *2 (M.D. Fla. June 28, 2007) (noting that Eleventh Circuit case law, including *Chudasama* and its progeny, does not support "the implicit contention that discovery should be stayed whenever a defendant files a motion to dismiss.").

In determining whether to stay discovery pending the resolution of a pending motion, the Court "must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman*, 176 F.R.D. at 652. In balancing these considerations, the Court may take a "preliminary peek" at the merits of the purportedly dispositive motion to determine if, on the motion's face, "there appears to be an immediate and clear possibility" that the Court will grant the motion, which supports entering a stay. *Id.*

Although the Court generally denies requests to stay pre-trial deadlines pending resolution of motions to dismiss, the Court agrees with the parties that a stay is warranted here. This stay is

---

[1] Although the Eleventh Circuit in *Chudasama* held that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins," the cause of action subject to dismissal in that case significantly enlarged the scope of discovery and was "especially dubious." *Id.* at 1367–68. *Chudasama* and its progeny actually "stand for the [narrow] proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." *Koock*, 2009 WL 2579307, at *2 (quoting *In re Winn Dixie Stores, Inc. ERISA Litig.*, 2007 WL 1877887, at *1).

2

not based, however, on the pending Motion to Dismiss. A preliminary peek at the Motion to Dismiss reveals that Defendant admits a factual dispute and relies on numerous documents to support its motion. Doc. 7 at 2. Ordinarily, the Court cannot grant such motions. *de Jesus Hernandez v. Four Seasons Hotels Ltd.*, 05-22360-CIV, 2005 WL 8155880, at *1 (S.D. Fla. Dec. 2, 2005). Accordingly, the Court will not enter a stay of discovery based on the pending Motion to Dismiss.

Nonetheless, good cause exists based on the disruption to business caused by the spread of COVID-19. The situation caused by the virus makes it reasonable to stay discovery for a period of time. For this reason, the Court will grant a stay of discovery until June 1, 2020. Accordingly, it is

**ORDERED**:

1. Defendant Ocwen Loan Servicing, LLC's Motion to Stay (Doc. 20) is **GRANTED-in-part** and **DENIED-in-part**. Defendant's request to stay discovery pending a ruling on its Motion to Dismiss is **DENIED.** Defendant's request to stay discovery due to the current situation caused by COVID-19 is **GRANTED-in-part**. Discovery obligations are stayed in this action until June 1, 2020.

**DONE AND ORDERED** in Tampa, Florida on March 26, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any