UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEORGE GARBUTT,

    Plaintiff,

v.                                       Case No: 8:20-cv-136-T-36JSS

OCWEN LOAN SERVICING, LLC,

    Defendant.
_____/

## **ORDER**

This matter comes before the Court on the Defendant's Motion to Dismiss (Doc. 7), Plaintiff's response in opposition (Doc. 13), and Defendant's reply (Doc. 17). The parties have also filed supplemental authority and additional briefing in support of their respective positions. *See* Docs. 17, 18, 22, 25, 26, 27, 28. The Court, having considered the motion and being otherwise advised in the premises, will grant, in part, Defendant's Motion to Dismiss.

**I.    BACKGROUND AND FACTS[1]**

This action arises out of Defendant's alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and its state counterpart, the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.72. On December 12, 2019, Plaintiff, George Garbutt, filed a two-count Complaint against Defendant, Ocwen Loan Servicing, LLC,[2] in the County Court of the Sixth Judicial Circuit, in and for Pinellas County, alleging

---

[1] The following statement of facts is derived from the Complaint (Doc. 1-1), the allegations of which the Court must accept as true in ruling on the instant motion to dismiss. *Linder v. Portocarrero*, 963 F. 2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F. 2d 989, 994 (11th Cir. 1983).

[2] Ocwen is no longer a standalone entity. PHH Mortgage Corporation ("PHH") is Ocwen's successor-in-interest. Doc. 1, n.1. The Court refers to Ocwen and PHH as "Defendant."

1

unlawful debt collection practices in violation of the FCCPA (Count I) and the FDCPA (mislabeled Count III). Doc. 1-1. Defendant timely removed the case to this Court on January 17, 2020. Doc. 1. Plaintiff alleges he was involved in the class action lawsuit *McWhorter v. Ocwen Loan Servicing, LLC*, Case No. 2:15-cv-01831-MHH, filed in the Northern District of Alabama, Southern Division, and that he was deemed a part of the identified class members.[3] Doc. 1-1 at 1.

Plaintiff further alleges that Defendant is a "creditor" as defined under the FCCPA, Fla. Stat. § 559.55(5), and is a "debt collector" as defined under the FDCPA, 15 U.S.C. § 1692(a)(6). Doc. 1-1, ¶¶ 12, 13. Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, § 559.55(8) and 15 U.S.C. § 1692a(3). Doc. 1-1, ¶ 12. Defendant attempted to collect a debt due from Plaintiff, specifically a convenience fee in relation to a property loan. *Id.* ¶ 17.

Plaintiff purchased property in Treasure Island, Florida in August 2006. *Id.* ¶ 22. To purchase the property, Plaintiff obtained a loan secured by a mortgage. *Id.* ¶ 23. After defaulting on the loan, servicing of the loan was transferred to Defendant. *Id.* ¶¶ 23, 24. Defendant partnered with Western Union to allow homeowners, including Plaintiff, to make payments toward their loan through a Speedpay service. *Id.* ¶ 25. Speedpay convenience fees are charged for payments made over the telephone, online, and other payment options. *Id.* Plaintiff made mortgage payments through the Speedpay service and was subsequently charged fees. *Id.* ¶ 27. Plaintiff paid at least $63.00 in fees using the Speedpay service. *Id.* ¶ 28. Plaintiff alleges that Defendant never disclosed the fee share arrangement between it and Western Union and that "homeowners such as

---

[3] Plaintiff does not specifically allege he opted out of the class, but documents attached to Defendant's motion include Plaintiff's name on the list of opt-outs received. Doc. 7-6 at 12. The Court may take judicial notice of the documents filed in the court file of the *McWhorter* case. *See, e.g., U.S. ex rel. Osherhoff v. Humana, Inc.*, 776 F.3d 805, 811 n.4 (11th Cir. 2015) ("Courts may take judicial notice of publicly filed documents, such as those in state court litigation, at the Rule 12(b)(6) stage.") (citing Fed. R. Evid. 201; *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013)).

Plaintiff could not have known about the fee." *Id.* ¶ 29.

Plaintiff sues Defendant in Count I for violation of the FCCPA. *Id.* ¶¶ 33–40. Plaintiff alleges no contract exists that allows Defendant to charge a convenience fee or share in convenience fees that Western Union charges. *Id.* ¶ 34. Defendant knew that the fee was excessive and constituted an illegal kickback. *Id.* ¶¶ 35, 36. Defendant knew it was attempting to collect a debt that was illegitimate and that as a result of Defendant's misconduct, Plaintiff seeks statutory damages, actual damages, and attorney's fees. *Id.* ¶¶ 30–31, 38–40. In his second count, Plaintiff sues Defendant for violations of the FDCPA. *Id.* ¶¶ 41–46. Plaintiff's property was in default before the loan was transferred to Defendant because Plaintiff had missed payments. *Id.* ¶ 42. He alleges there was no contract or law that permitted Defendant to charge fees, and thus, he claims Defendant's charging of the convenience fee violated the FDCPA. *Id.* ¶¶ 44, 45. He seeks statutory fees, actual damages, and attorney's fees. *Id.* ¶¶ 30, 32, 46.

Defendant moves to dismiss the Complaint arguing that (1) the FCCPA claim is barred by the statute of limitations; (2) the convenience fee is not a debt; (3) Defendant is not a debt collector under the FDCPA and the FCCPA, nor has Plaintiff adequately alleged that Defendant is a debt collector; and (4) the FDCPA and FCCPA do not prohibit convenience fees. Doc. 7. Defendant seeks dismissal with prejudice. *Id.* at 11.

## II.   LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id.* A

complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id*.

### III.   DISCUSSION

This case involves a dispute over convenience fees that Plaintiff was charged for making his mortgage payments using a voluntary Speedpay service offered by Western Union. By utilizing the Speedpay service to make payments, Plaintiff was charged a fee for any such payment made by "telephone, online, and other payment options." Doc. 1-1, ¶¶ 25, 27, 28. Since Defendant received a portion of the convenience fee, Plaintiff argues Defendant's unauthorized fee-collecting conduct violated the FCCPA and the FDCPA.

Plaintiff alleges the convenience fees are a debt. *Id.* ¶17. Defendant argues convenience fees are not a debt. The FDCPA defines the word "debt" as follows:

> The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5). The FCCPA's definition of "debt" or "consumer debt" is the same. *See* § 559.55(6). "The Eleventh Circuit Court of Appeals has endorsed the . . . view that, for the purposes of the FDCPA, a debt is created whenever a transaction creates an obligation to pay." *Fuller v. Becker & Poliakoff, P.A.*, 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002) (citing *Brown v. Budget Rent–A–Car Systems, Inc.*, 119 F.3d 922, 924 (11th Cir.1997) (quoting *Bass v. Stolper,*

*Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1325 (7th Cir. 1997)).  Choosing to utilize the Speedpay service arguably created an obligation to pay a fee for that service.  Thus, given the FDCPA and FCCPA's broad definition of "debt," convenience fees would likely be considered a "debt" under this definition.  However, the Court agrees with other courts in this District that have found the obligation to pay the convenience fee is not a "debt due another." *See Lang v. Ocwen*, Case No. 3:20-cv-81-J-20MCR, at *5 (M.D. Fla. July 11, 2020); *Turner v. PHH Mtg. Corp.*, Case No. 8:20-cv-137-T-30SPF, at *5 (M.D. Fla. Feb. 24, 2020).  Rather, the convenience fee is a separate fee originated by Defendant and charged for an optional service as opposed to a fee arising from the mortgage.

**A.     FDCPA Claim**

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e); Fla. Stat. § 559.77(5).  The FDCPA and FCCPA impose civil liability on "debt collectors" for prohibited acts.  *Harris v. Liberty Cmty. Mgmt., Inc.*, 702 F.3d 1298, 1299 (11th Cir. 2012).  To survive a motion to dismiss, an FDCPA plaintiff must allege "(1) that the defendant is a 'debt collector' and (2) that the challenged conduct is related to debt collection." *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012).  Defendant argues, and the Court agrees, as to the convenience fees charged, Defendant is not a "debt collector" as that term is defined under the FDCPA and FCCPA.[4]

The FDCPA defines a "debt collector" as one who engages "in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §

---

[4] The Court recognizes there is a split among the District Courts on this issue.  The parties have provided the court with supplemental authority supporting their respective opposing arguments. *See* Docs. 17-1, 18, 22-1–22-5, 25-1, 27-1, 28-1.  The Eleventh Circuit has not ruled on the issue.

1692a(6); *Harris v. Liberty Cmty. Mgmt., Inc.,* 702 F.3d 1298, 1302 (11th Cir. 2012). Excepted from this definition is "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was *originated by such person*." § 1692a(6)(F)(ii) (emphasis added). The FCCPA has a similar exception. *See* Fla. Stat. § 559.55(7)(f). To the extent the convenience fee is a debt, it was originated by Defendant. Thus, it would not be a debt "due another," and Defendant would not be a debt collector as it relates to the convenience fees. Also exempted from the definition of "debt collector" is a person who collects or attempts to collect a debt when the conduct "concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F); *see also* Fla. Stat. § 559.55(7)(f). Although Plaintiff alleges that his mortgage was in default when Defendant began servicing it, there is no allegation or indication that he was in default on his obligation to pay the convenience fee. Accordingly, assuming the convenience fee is a debt, Defendant would not be a "debt collector" as to the convenience fee, which was not in default.

Plaintiff argues that the convenience fee is "incidental to" the primary debt, *i.e.*, the mortgage. Under the FDCPA, a debt collector is prohibited from "the collection of any amount (including any interest, fee, charge, or expense incidental to the principle obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f . The Court is unpersuaded that the convenience fee here is incidental to the principle obligation, but rather adopts the reasoning of those courts that have concluded the convenience fee is a separate optional fee that originated from Defendant and was not a fee stemming from the underlying mortgage. *See Lang*, at *5; *Turner*, at *4 (finding convenience fee was "a fee incurred in a separate agreement between the parties to ensure same-day posting and processing of Turner's mortgage payments—an optional service that Turner voluntarily incurred"); *Campbell v. Ocwen*,

Case No. 20-cv-80057-Singhal (Apr. 30, 2020) (finding convenience fees are a separate transaction neither part of, nor incidental to, the transferred debt and rejecting plaintiff's argument that convenience fees are part of the defaulted mortgage debt); *but see Webster v. Ocwen*, 20-cv-60117-DIMITROULEAS, at *4 (S.D. Fla. Apr. 30, 2020) (finding that the Speedpay fees at issue are "expenses incidental to the principal obligation" and therefore are covered by the FDCPA and the FCCPA). Because the Court concludes that the convenience fees were not a debt owed another and were not in default, Defendant would not be a "debt collector" under the FDCPA and the FCCPA. Thus, at least as to the FDCPA claim, the Court finds that Plaintiff fails to state a claim. *See Reese*, 678 F.3d at 1216. The FDCPA claim is due to be dismissed.[5]

**B.    FCCPA – Decline Supplemental Jurisdiction**

Liability under the FCCPA may be broader than under the FDCPA. *See Schauer v. Gen. Motors Acceptance Corp.*, 819 So. 2d 809, 811–12 (Fla. 4th DCA 2002), *reh'g denied, clarification granted* (June 26, 2002) (holding the FCCPA is not restricted to "debt collectors"); *see also* Fla. Stat. § 559.552 ("Nothing in this part shall be construed to limit or restrict the continued applicability of the federal [FDCPA] to consumer collection practices in this state. This part is in addition to the requirements and regulations of the federal act. In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail."]. Under the Act, FCCPA liability is not limited to conduct by debt collectors, but rather, the provisions apply to "persons" collecting consumer debts. *See* Fla. Stat. § 559.72(9) ("in collecting consumer debts, *no person*

---

[5] As with other courts in this District that have similarly found that Defendant is not a "debt collector" under the FDCPA as it pertains to the collection of a voluntary optional convenience fees, the dismissal will be with prejudice. This issue has been heavily litigated in the District Courts of this Circuit and others, and the Court finds that allowing amendment would be futile.

shall… assert the existence of some other legal right when such person knows the legal right does not exist") (emphasis added).

The Supreme Court has advised that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988). Because the Court concludes that the FDCPA claim is due to be dismissed and only the state law claim under the FCCPA remains, the Court declines to exercise supplemental jurisdiction over the state law claim. Thus, remand to state court is warranted. *See* 28 U.S.C. 1367(c)(3) ("district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092, 1123 (11th Cir. 2005) ("Because this case was originally filed in state court and removed to federal court pursuant to 28 U.S.C. § 1441, if the district court declines to continue to exercise supplemental jurisdiction, [the] remaining claim should be remanded to state court."). Therefore, the Court will remand the FCCPA claim to state court.

Accordingly, it is hereby **ORDERED** that Defendant's Motion to Dismiss (Doc. 7) is **GRANTED in part**.

1.      Defendant's Motion to Dismiss Plaintiff's FDCPA claim is **granted** and the FDCPA claim is **dismissed with prejudice**;

3.      Because the only remaining claim is Plaintiff's state law claim under the FCCPA, the Court declines to exercise supplemental jurisdiction over the FCCPA claim. Plaintiff's FCCPA claim is **REMANDED** to the County Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, for further proceedings.

8

4.      The Clerk is directed to send a certified copy of this Order to the County Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida. The Clerk is further directed to **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida on September 22, 2020.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any